JEFFREY D. POLSKY (State Bar No. 120975)
MATTHEW P. VANDALL (State Bar No. 196962)
KAUFF McCLAIN & McGUIRE LLP
One Post Street
Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
CAPEL, INC.

WILLIAM H. PAYNTER (State Bar No. 98882)
WALTER R. PAYNTER (State Bar No. 94253)
LAW OFFICES OF WILLIAM H. PAYNTER
809 Broadway, Suite 6
Sonoma, California 95476
Telephone: (707) 996-5605
Facsimile: (707) 996-4629

Attorneys for Plaintiff
LUANNE S. JORDAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| LUANNE S. JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>CAPEL, INCORPORATED, and Does 1 through 60, inclusive,<br><br>    Defendants. | CASE NO. C054939 SI<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>**COMPLAINT FILED:** October 31, 2005 |

The parties, through their respective counsel, stipulate that:

1.   October 31, 2005, plaintiff Luanne S. Jordan ("Jordan" or "plaintiff") filed a civil action in the Superior Court, City and County of San Francisco, against defendant Capel, Inc. ("Capel" or "defendant"). Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b).

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

STIPULATION AND PROTECTIVE ORDER

CASE NO. CGC-05-446214

2. Plaintiff alleges, inter alia, breach of contract, fraud, unfair business practices, violations of the California Labor Code, and bad faith. Defendant denies all such allegations.

3. Given Plaintiff's allegations, defendant's initial disclosures may concern commissions paid by defendant to individual employees and representatives (current and former), information concerning defendant's sales and marketing strategies (specifically, how it spent money to market to the hospitality industry), and detailed information concerning defendant's sales to individual customers. This information is referred to as "Confidential Information" in the remainder of this Stipulation. The parties agree that Confidential Information does not include information that is publicly available, generally known within the rug industry, or that which was known to plaintiff prior to her association with defendant.

4. Plaintiff and defendant (hereafter "the parties") stipulate that Confidential Information, presented in defendant's initial disclosures will be used only for purposes related to this action, and will not be publicly disseminated or discussed outside of the captioned lawsuit.

5. This Stipulation shall only apply to Confidential Information in documents included in defendant's initial disclosures under and pursuant to F.R.Civ.Pro. 26(a)(1). Confidential Information covered by this Stipulation is not to be made public in any way or provided to, shown to, quoted from, or cited to any third party except (a) any prospective witness or deponent (or their counsel) connected to this case or, (b) any professional consultant retained by a party in this case or, (c) in any alternative dispute resolution procedure or proceeding or in any court proceeding. If any such witness, deponent, or consultant is provided with material or information covered by this Stipulation, he or she will be advised in writing by the party providing access to the material or information of the prohibition against disclosure of that information and will be required to acknowledge in writing that he or she has been informed of and accepts the obligation not to disclose Confidential Information prior to receiving such information.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-- 

STIPULATION AND PROTECTIVE ORDER                                    CASE NO. CGC-05-446214

     6.     Any document from defendant's initial disclosures used by a party in this action which contains Confidential Information shall be marked "Confidential" or orally designated as such during a deposition. If any party disagrees with the designation, the parties shall meet and confer over the issue; however, the confidentiality of the document or information shall be observed until the matter has been resolved in a meet and confer process or by the Court. If a document or information is produced or provided on a non-confidential basis, the other party may notify the producing party of its view that the document or information is confidential. Such confidentiality shall similarly be maintained until the issue is resolved through the meet and confer process or by the Court. In either instance, the party seeking confidentiality must request the Court's ruling through the usual processes, and must initiate those processes within fifteen (15) days after the meet and confer procedure results in an impasse between the parties.

     7.     Nothing in this Stipulation limits the rights of the parties to obtain otherwise discoverable information. Similarly, nothing in this Stipulation shall be construed as requiring any party to produce information which it considers privileged or otherwise not subject to discovery. By entering into this Stipulation, no party waives any objections it would otherwise have to any discovery request propounded in this action. Nor will disclosure, pursuant to this Stipulation, of materials protected by the right of privacy be deemed a waiver of the third party's claim to right of privacy.

     8.     Within fifteen (15) days following final disposition of this action, plaintiff and her attorneys shall return to counsel for defendant all Confidential Information (including all copies) produced in this litigation. Any documents prepared by plaintiff or on her behalf derived from Confidential Information shall be maintained in confidence by plaintiff and her counsel, and shall not be distributed or used for any purpose by plaintiff and her counsel thereafter.

//
//

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-- 

STIPULATION AND PROTECTIVE ORDER      CASE NO. CGC-05-446214

9. This Stipulation is subject to change only through written agreement of the parties or pursuant to a motion for modification.

DATED: March __, 2006                KAUFF McCLAIN & McGUIRE LLP

By: _____
JEFFREY D. POLSKY
MATTHEW P. VANDALL
Attorneys for Defendants
CAPEL, INC.

DATED: March 29, 2006                LAW OFFICES OF WILLIAM H. PAYNTER

By: _____
WILLIAM H. PAYNTER

Attorneys for Plaintiff
LUANNE S. JORDAN

IT IS SO ORDERED.

DATED: _____

_____
SUSAN ILLSTON
Judge, U.S. District Court

::ODMA\PCDOCS\KMM-SF\108962\3