IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUANNE S. JORDAN, | No. C 05-04939 SI |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTES** |
| v. | |
| CAPEL, INCORPORATED, et al., | |
| Defendants. | |

By letter briefs, the parties seek resolution of various discovery disputes.[1] First, the parties dispute the scheduling and location of three depositions of current and former employees of defendant, all of whom are located in North Carolina. Plaintiff wishes to take these depositions in Sonoma, California, while defendant asserts these depositions should take place in North Carolina. The Court agrees with defendant that the depositions should take place in North Carolina. *See* Hon. Schwarzer et al., Federal Civil Procedure Before Trial § 11:1459 (2006) ("Normally, a party's deposition is taken in the district in which he or she resides or is employed or has a place of business."); *see also Willis v. Mullins*, 2006 WL 302343, *5 (E.D. Cal. Feb. 8, 2006) ("[I]t is presumed that a defendant will be examined at his residence or at his place of business or employment . . . ."). The parties shall meet and confer regarding scheduling of these depositions.

Second, the parties dispute the adequacy of defendant's responses to plaintiff's interrogatories. Defendant asserts that the parties have not sufficiently met and conferred, and indeed plaintiff's August 11, 2006 letter brief implicitly acknowledges that fact by stating that some of defendant's objections

---

[1] The letter briefs are found at Docket Nos. 19-25, and 27.

"could have been resolved by a telephone conference between counsel." The Court agrees with defendant that further meet and confer is required, and the parties are ordered to meet and confer regarding defendant's responses to Interrogatories 2, 5-8, and 11 (Interrogatory No. 9 is discussed *infra* in connection with defendant's Special Interrogatories). If disputes still remain with regard to these interrogatories, plaintiff shall submit a single letter brief of no more than 5 pages which concisely sets forth plaintiff's contentions, and defendant shall file a single response of no more than 5 pages. With respect to interrogatories 12-15, the Court concludes that plaintiff has failed to demonstrate the relevance of discovery on these privately-held non-parties, and accordingly DENIES plaintiff's motion to compel WITHOUT PREJUDICE to plaintiff making a showing of how such discovery is warranted.

Third, defendant seeks an order compelling plaintiff to provide further responses to defendant's Special Interrogatories 15, 16 and 25. These interrrogatories relate to plaintiff's interrogatory No. 9; all of the interrogatories concern defendant's customers, and the related issue of what constitutes the "hospitality industry." Plaintiff's interrogatory No. 9 asks "[w]hat specific sales including the revenue derived has Capel, Inc. [sic] made to the hospitality industry since July 2004 to the present?" In response to this interrogatory, defendant has produced several customer lists with sales information. Defendant asserts that it does not distinguish sales to the "hospitality industry" from other sales. Plaintiff complains that it is impossible to discern from these lists who the ultimate customers are, and which customers are part of the "hospitality industry."

Conversely, two of defendant's special interrogatories ask plaintiff to state all facts that support the allegations in the complaint that defendant paid her no commissions on some of the rugs sold (#15), and that defendant hid from plaintiff certain sales on which she is due a 7% commission (#16). The third interrogatory, No. 25, asked plaintiff to identify each customer she contends "was part of the hospitality industry between July 1, 2004 and October 31, 2005." Plaintiff asserts that she cannot respond to these interrogatories because this is the type of information she is trying to obtain from defendant.

The Court concludes that plaintiff has not demonstrated that defendant's response to Interrogatory No. 9 is deficient. To the extent plaintiff wants additional information, such as which customers on that list are part of the "hospitality industry," plaintiff may propound additional discovery

2

seeking such clarification. Plaintiff is advised that any such additional discovery should be sufficiently precise so as to enable defendant to provide a meaningful response. For example, plaintiff may propound additional interrogatories regarding the lists already provided, or plaintiff may depose an appropriate individual concerning the identities of defendant's customers. Plaintiff shall be required to respond to defendant's Special Interrogatories Nos. 15, 16 and 25 within 7 days of plaintiff's receipt of information from any such additional discovery.

If necessary, the parties may stipulate to extend the close of discovery past the current September 8, 2006 deadline.

**IT IS SO ORDERED.**

Dated: September 1, 2006

SUSAN ILLSTON
United States District Judge