IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUANNE S. JORDAN,

    Plaintiff,

v.

CAPEL, INCORPORATED,

    Defendant.

No. C 05-4939 SI

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**

Plaintiff has filed a motion to compel additional depositions past the present non-expert deposition cut-off date.[1] Plaintiff asserts that defendant provided misleading and inconsistent answers to interrogatories and responses to requests for production of documents, and in the Hric deposition. Plaintiff seeks an unspecified number of depositions, and requests that defendant be ordered to pay the cost of further discovery if it must be conducted in North Carolina. Defendant responds that plaintiff has not shown good cause for any further depositions because plaintiff should have more diligently pursued discovery, and because defendant's responses have not been misleading or inconsistent.

The Court has reviewed the discovery responses at issue, and concludes that plaintiff is entitled to some of the relief sought. The Court agrees with defendant that the discovery responses regarding the "hospitality industry" are not necessarily inconsistent with Hric's testimony regarding processing of commissions since defendant has stated that it did not make any classifications based upon a "hospitality industry." However, the Court finds that defendant's response to interrogatory No. 3 was incomplete. That interrogatory asked defendant to "[e]xplain in detail how (meaning the system) the records and

---

[1] The parties' letter briefs are found at Docket Nos. 41, 43 and 44.

accounts of Capel Inc. have been kept since July 2004 to the present regarding the payment of sales commissions." Defendant's answer did not include the information provided by Hric at his deposition, namely that the customer service department "tags" certain sales as "payable" or "commissionable" to sales representatives. Hric Depo. at 38. This information was clearly called for by interrogatory No. 3, and defendant has not explained why this relevant information was not provided in response to interrogatory No. 3 prior to the Hric deposition.[2]

Although the Court finds plaintiff is entitled to additional depositions, plaintiff has not shown good cause to take an unlimited number of depositions at defendant's cost. Plaintiff shall be permitted to take two additional depositions, one of which may be pursuant to Rule 30(b)(6) if plaintiff wishes. The depositions shall take place in North Carolina if the deponents are located in North Carolina, and plaintiff shall bear the costs associated with the depositions. The depositions shall be completed no later than **December 31, 2006**, unless the parties stipulate otherwise.

Finally, the Court notes that discovery in this case has been unnecessarily contentious. The parties would be well-advised to engage in a truly meaningful meet and confer process prior to seeking further relief from this Court.

**IT IS SO ORDERED.**

Dated: November ___, 2006

SUSAN ILLSTON
United States District Judge

---

[2] Defendant states in a footnote that it produced documents in its initial disclosure showing that certain orders were tagged with plaintiff's sales I.D., and thus plaintiff was on notice of this practice. While the Court agrees that plaintiff should have noticed this fact and pursued this issue in discovery, nevertheless defendant was required to provide information about "tagging" sales commissions in its interrogatory response.